THE STATE OF OHIO, APPELLANT, *v.* MEACHAM, APPELLEE.

(No. OT-85-5—Decided November 8, 1985.)

*Douglas O. Meyer,* prosecuting attorney, for appellant.

*Terrence R. Rudes,* for appellee.

RESNICK, J. This cause is before the court on appeal from the judgment of the Ottawa County Court of Common Pleas dated January 31, 1985, granting appellee's motion for suspension of his sentence pursuant to R.C. 2947.061(B).

The state made a motion seeking leave to appeal the suspension of appellee's sentence and also to stay the suspension of said sentence. The motions were granted by this court on February 1, 1985. The state assigns as error the following:

"I. The trial court erred by granting probation for a non-probat[ion]able offense.

"II. The trial court erred by failing to order and consider a presentence investigation and report.

"III. The trial court lost jurisdiction when it failed to enter its ruling within 10 days of the probation hearing."

On November 12, 1974, the appellee participated in a robbery and kidnapping. Appellee pled guilty to kidnapping in violation of R.C. 2905.01 and aggravated robbery in violation of R.C. 2911.01, and was sentenced to be imprisoned not less than seven, nor more than twenty-five years as to each count with the two sentences to run consecutively. The appellee was serving his sentence for these two crimes when he filed a motion on August 14, 1984, for a suspension of his sentence pursuant to R.C. 2947.061(B). The trial court granted appellee's motion for "shock" probation pursuant to R.C. 2947.061(B), and it is from that order that the state appeals.

It will not be necessary to address each of appellant's assignments of error individually because it is clear that R.C. 2947.061(B), which allows "shock" probation for individuals convicted of aggravated felonies of the first, second, or third degree, does not apply to in-

dividuals who committed an aggravated felony of the first, second, or third degree prior to July 1, 1983. Subsection (B) of the current R.C. 2947.061 which allows for "shock" probation for individuals who have been convicted of aggravated felonies of the first, second, or third degree, was first enacted by Am. Sub. S.B. No. 199 (139 Ohio Laws, Part I, 523 *et seq.*). Unfortunately, that Act did not specify whether that subsection was to apply to offenses committed prior to the effective date of that Act. However, this situation was remedied when the legislature enacted Am. Sub. H.B. No. 269 (139 Ohio Laws, Part I, 2285). Section 4 of that Act, amending Section 10 of Am. Sub. S.B. No. 199, states, in pertinent part, the following:

"Sections * * * 2947.061 * * * of the Revised Code, as amended by Am. Sub. S.B. 199 of the 114th General Assembly, * * * shall take effect on July 1, 1983, and shall apply *only* to offenses committed on or after July 1, 1983. * * *" (Emphasis added.)

It is clear from the above-quoted language that "shock" probation for individuals convicted of aggravated felonies of the first, second, or third degree, pursuant to R.C. 2947.061(B), is only available to those individuals who committed the offense on or after July 1, 1983, and for which they are incarcerated. Since appellee's imprisonment was for crimes which he committed in 1974, he was unable to avail himself of the provisions for "shock" probation found in R.C. 2947.061(B). Therefore, the trial court committed error in granting "shock" probation to appellee pursuant to R.C. 2947.061(B).

Upon consideration whereof, the judgment of the Ottawa County Court of Common Pleas is reversed. The judgment of the trial court granting the motion for "shock probation" is vacated and held for naught. This cause is remanded to the trial court for any action which said court deems proper and which is not inconsistent with this opinion and for assessment of costs. Costs assessed against appellant.

*Judgment reversed.*

CONNORS, P.J., concurs.

WILKOWSKI, J., dissents.

CONNORS, P.J., concurring. I concur in the opinion with the following comments. The trial judge, in the interests of justice and fairness, heard the testimony and thoroughly examined the record, especially with regard to the defendant-appellee's peripheral involvement in a heinous crime committed against an innocent victim. The defendant, at the crime scene, was involved initially in what he thought was to be a breaking and entering and robbery of an occupied business establishment. He was seated in a car and his role was to be that of the driver of the getaway car. When he and his co-defendants were surprised by the victim, a co-owner of the establishment with her husband, the defendant-appellee drove his co-defendants and the victim to the scene of the murder, but then he quickly abandoned the scene before the murder of the victim. He was allowed to plead to kidnapping and aggravated robbery (and not murder) and, as a co-conspirator, he was sentenced in 1974 to be imprisoned not less than seven nor more than twenty-five years on each count, to be served consecutively. He has been incarcerated for ten years, and I can readily understand the trial judge's decision in view of all the circumstances and the defendant's involvement. To say the least, the trial judge exhibited a great deal of courage to do what he felt was in the interests of justice.

R.C. 2947.061, the so-called shock probation statute, was initially enacted and became effective on October 30, 1965. However, the legislative history

indicates that the original enactment has been amended several times. As time passed, and motions for release on shock probation were more frequently filed, the question arose as to whether the initial bill (with some subsequent amendments) was to be applied *retrospectively* or *prospectively*. As pointed out by the writing judge, the question was laid to rest by the enactment of Am. Sub. H. B. No. 269, which states that the shock-probation sections of the Criminal Code shall only apply to crimes committed *on or after* July 1, 1983. Since the defendant committed the crime in 1974, he has no recourse by way of shock probation from the trial court, and the date of his release from incarceration is determined by the Parole Board or commutation by the Governor. I, therefore, concur, recognizing the concern of the trial judge who attempted to be practical in the interests of justice.

The prosecuting attorney, who represents the people of the state, is also to be commended. While, at times, he may not have his heart in what he has to do, he is, and was, bound by his oath of office. He followed his oath to the letter.

Counsel for defendant-appellee represented his client commendably as he should.

In the final analysis, all of us involved in the application of the law are bound by that law which is enacted by the legislature, which in turn, is elected by the people of the state of Ohio.

WILKOWSKI, J., dissenting. The opinion of Judge Resnick, as expressed from a literal reading of R.C. 2947.061, is correct. Clearly, said section is given only prospective application as of July 1, 1983.

The concurring opinion of the Presiding Judge, John Connors, is commendable, not only for its enlargement of the facts, but also in its recognition of responsibility to office exhibited by the Ottawa County Prosecutor, as well as the exhibited courage of the trial judge, who apparently, as discerned at oral argument heard by this court, in the face of strong community opposition, proceeded to exercise judgment resulting in an order of release of the defendant after a decade of incarceration. "Courage," is indeed the appropriate descriptive term. Judge Connors recognized it when he saw it.

But, I dissent from the majority decision reversing the trial court on two grounds: (1) it is the belief of this writer that R.C. 2947.061 suffers constitutional infirmity in that it violates both the Due Process Clause, but, principally, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; and (2) it has been represented by both counsel that, prior to oral argument and submission of the matter to this court, the defendant had been released from incarceration by authority of the Parole Board. The questions, herein presented, may, thus, be characterized as academic or moot.

While, obviously, in view of the trial court's decision to grant probation, defendant did *not* in this appeal raise a constitutional question, such question may appropriately be raised on an appeal to the Supreme Court by virtue of the majority's decision today; but, I do not feel that, under the circumstances, the case is appropriate for prosecution as a Fourteenth Amendment question considering its academic or moot nature. More likely than not, the case will end here, subject to the remand order.

Accordingly, it is my judgment that substantial justice has been promulgated by the Parole Board and that all interests are best served and achieved by this court's dismissal of this action, *sua sponte*. The question of relief has been determined in another forum and this court's authority to order re-incarceration is effectively foreclosed.